IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SANDRA MEDLEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:11-CV-0053-O-KA |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner, Social Security § | |
| Administration, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a social security case. Plaintiff Sandra Medley ("Plaintiff" or "Medley") filed this action seeking judicial review of a adverse final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Robert K. Roach, for review and submission of proposed findings of fact and recommendation for disposition. On October 25, 2011, the Magistrate Judge issued his Findings, Conclusions and Recommendation (the "Report"), wherein he recommended that the Court affirm the decision of the Administrative Law Judge ("ALJ") to deny Plaintiff Sandra Medley ("Medley") disability insurance benefits and supplemental security income payments under Title II and Title XVI of the Social Security Act, respectively. [doc. 17]. On October 26, 2011, Medley filed her Objections to Findings, Conclusions and Recommendation of the United States Magistrate Judge. [doc. 18]. On December 2, 2011, Defendant filed its Response to Plaintiff's Objections [doc. 21], and on December 5, 2011, Plaintiff

filed her Reply. [doc. 22].

After an independent review of the pleadings, file, record, applicable law, the Magistrate Judge's Report, Plaintiff's Objections, Defendant's Response and Plaintiff's Reply, the court rejects the Magistrate Judge's finding that substantial evidence supported the ALJ's finding that Plaintiff was not disabled, and hereby **reverses** and **remands** this case to the Commissioner for further proceedings consistent with this order.

## I.

Judicial review in a social security case is limited to a determination of whether the ALJ's decision to deny benefits is: (1) supported by substantial evidence and (2) whether the proper legal standard was applied. *Austin v. Shalala*, 994 F.2d 1170, 1147 (5th Cir. 1993). Substantial evidence is defined as relevant evidence that a reasonable mind would accept as sufficient to support a conclusion. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th 1994)(citing *Richardson v. Perales,* 402 U.S. 389, 401 (1977)). It is more then a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401; *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989). The district court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The court must scrutinize the record, however, to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision. *Johnson*, 864 F.2d at 343-44; *Gutierrez v. Barnhart*, 2005 WL 1994289 at *7 (5th Cir. Aug. 19, 2005). If the findings are supported by substantial evidence, "they are conclusive and must be affirmed." 42 U.S.C. § 405(g).

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. 42 U.S.C. §423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases. *See* 20 C.F.R. § 404.1520(b)-(f); *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir. 1991). The hearing officer is required to ascertain: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals a listed impairment in Appendix 1" of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity to perform past work, whether the claimant can perform any other gainful and substantial work in the economy, considering his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(b)-(f). In the first four steps of the evaluation process, the claimant bears the burden of proving disability. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). The burden then shifts to the Commissioner at the fifth step to show that the claimant is capable of performing work in the national economy. *Id.* If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

**II.**

Under the five-step sequential process, the ALJ determined that Medley demonstrated a combination of three severe impairments consisting of "fibromyalgia, history of cardiac impairment, and personality disorder" but found that the combination did not meet or medically equal the listed impairments. Transcript at 19, Finding 3. The ALJ thus proceeded to the next step, to determine Medley's residual functional capacity ("RFC"), finding that Medley retained the functional capacity to perform a wide range of "light work" but with severe physical limitations and that she retained the ability to "sustain concentration necessary for unskilled work," but also required working "in relative isolation with limited contact with peers, supervisors and the general public." Transcript at 20, Finding 5.

The ALJ's initial hypothetical question to the Vocational Expert ("VE") at the hearing, as to mental limitations, states:

> All right. The first hypothetical you're to consider assumes the vocational factors of an individual who is 52 years of age at the date of hearing . . .This individual in the non-exertional areas would possess the concentration necessary for unskilled work. This person would also really be required to work in relative isolation with limited contact with various coworkers and the general public.

Transcript at 45-46. In response to this hypothetical, the VE testified that a person such as that described in the hypothetical question could perform three exertionally light, unskilled jobs, including the jobs of deli cutter/slicer, with 100,000 positions in the national economy; assembler-plastic hospital products, with 30,000 positions in the national economy; and assembler-small products II with 200,000 position in the national economy. Transcript at 23, 46-47. In his subsequent decision, the ALJ explicitly relied on the VE's testimony as support for his finding of non-disability, stating: "Based on the testimony of the vocational expert, the undersigned concludes

4

that, considering the claimant's age, education, work experience and residual functional capacity, the claimant is capable of making an adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate [].""). Transcript at 24.

As set forth above, however, in the residual functional capacity finding in his decision, the ALJ recognized a limitation to "work in relative isolation with limited contact with peers, *supervisors* and the general public." Transcript at 20, Finding 5 (emphasis added). By contrast, the only limitations set forth by the ALJ in his hypothetical question to the VE concerned limiting contact with coworkers and the general public.

### III.

Medley objects to the Magistrate Judge's finding at pages 12 through 14 of his Report that the ALJ's hypothetical question to the vocational expert at the hearing was not defective under the standard enunciated in *Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001) and *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Under this standard, a hypothetical question to a vocational expert cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all the disabilities of the claimant recognized by the ALJ; and (2) the claimant or his representative is afforded the opportunity to correct the deficiencies in the question. *Boyd, supra*; *Bowling, supra*. Further, where the ALJ bases his finding that a claimant is not disabled on answers to a defective hypothetical, substantial evidence does not support the finding of no disability, and the court should reverse the case and remand for further proceedings. *See, e.g., Bridges v. Comm'r of Social Sec. Admin.*, 278 F. Supp. 2d 797, 807 (N.D. Tex. 2003)(citing *Boyd*, 239 F.3d at 706-07). Medley in her objections cites evidence from the record and case law to support her contention that the ALJ's hypothetical question to the vocational expert "did not

5

reasonably incorporate all the limitations recognized by the ALJ in his [residual functional capacity] finding, in that the hypothetical question's limitation in interaction with 'various coworkers' cannot, in this context, be taken to include the additional limitation in interaction with 'supervisors,' which the ALJ found to exist in his RFC finding." [doc. 18, Obj. at 3]. Medley argues that, "[a]s a result, the VE's testimony in response to the ALJ's hypothetical question cannot constitute substantial evidence to meet Defendant's burden of proof at 'Step 5' of Defendant's sequential disability evaluation to show jobs which Plaintiff could perform despite her functional limitations[.]" [*Id.*]

In response to Medley's objections, the Commissioner contends that "Judge Roach correctly determined that the ALJ's hypothetical question to the vocational expert was not defective despite the ALJ's omission of a limitation of Medley from interacting with 'supervisors'." [doc. 21, Resp. at 2].[1] In reply, Medley argues that the Commissioner "does not squarely address the actual issue raised by Plaintiff in her objections: *whether the ALJ's hypothetical question was defective because of the discrepancy between (a) the limitations included in the hypothetical question, and (b) the limitations later recognized by the ALJ in the residual functional capacity finding in his decision[.]*" [doc. 22, Reply at 1, original emphasis].

Having reviewed the Magistrate Judge's Report, Medley's objections, Defendant's response, Medley's reply, the record, and applicable law, the Court concludes that (a) the ALJ's hypothetical question to the VE did not reasonably incorporate all the limitations recognized by the ALJ as stated in his final residual functional capacity findings, and (b) consequently, the vocational expert's

---

[1] In Defendant's responsive briefing before the Magistrate Judge, Defendant asserted that the ALJ's hypothetical to the VE was not defective because "peers are coworkers and a supervisor is a coworker. Thus, there is no material difference between the ALJ's hypothetical question and his RFC determination." [doc. 15, Def. Resp. Brief at 10]. Other cases in this district have recognized a clear distinction between limitations as to "coworkers" alone and limitations as to "supervisors." *See, e.g., Seibert v. Astrue*, 2010 WL 6389303, at *12 (N.D. Tex. June 14, 2010), *rec. adopted*, 2011 WL 1211350 (N.D. Tex. Mar. 31, 2011) (McBryde, J.).

testimony cannot suffice to support the ALJ's finding of non-disability.  *See Field v. Astrue*, No. 7:10-CV-0052-BD, Mem. Op. and Order at 6-7 (N.D. Tex. June 21, 2011) (Kaplan, J.) (finding hypothetical question to VE to be defective under *Boyd/Bowling* standard (*see supra*), and remand warranted, where the question to the VE included only a reference to "coworkers," but the ALJ's later RFC finding recognized a limitation in dealing with "supervisors" as well as "coworkers"); *Seibert v. Astrue*, No. 4:09-CV-090-A at 23-24 and n. 13, 2010 WL 6389303, at *12 (N.D. Tex. June 14, 2010), *recommendation adopted*, 2011 WL 1211350 (N.D. Tex. Mar. 31, 2011)(McBryde, J.) (ALJ erred in limiting plaintiff to only incidental contact with the public and co-workers because such restrictions do not adequately incorporate limitations in responding to or interacting with supervisors); *see also Stearns v. Astrue*, 2010 WL 1072828, at *6 (N.D. Tex. Mar. 24, 2010) (finding that ALJ erred in making a RFC assessment as to plaintiff's mental impairments that only limited plaintiff to no more than superficial contact with the public when the evidence of record indicated that plaintiff also consistently had difficulty interaction appropriately with supervisors).[2]

## IV.

For these reasons, the court **sustains** Plaintiff's objection to the Magistrate Judge's finding that the ALJ's hypothetical question to the VE at the hearing was not defective.  Because the ALJ based his finding that Medley was not disabled on answers to a defective hypothetical, substantial evidence does not support the finding of no disability.  Accordingly, the Court **reverses** and

---

[2] The Court rejects Defendant's argument that the Magistrate Judge was correct to conclude that the record does not contain any medical opinion that Medley had any limitation in her ability to have contact with her supervisors. [*see* doc. 21, Def. Resp. at 2-3]. In fact, the state agency psychological consultant opined that Medley would have "moderate limitation" in her abilities to "interact appropriately with the general public," to "get along with coworkers and peers", *and* also to "accept instructions and respond appropriately to criticism from *supervisors*." *See* Transcript at 714 (emphasis added). Thus, the record does indicate that Medley has at least the same difficulty interacting with supervisors, as she did with coworkers or peers.

**remands** this civil action for further proceedings consistent with this Memorandum Opinion and Order. *Boyd*, 239 F.3d at 706-07; *Bowling*, 36 F.3d at 436.[3]

**SO ORDERED** this **29th day** of **December, 2011**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3]By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled. Rather, the Court's remand is required so that the Commissioner has an opportunity to include all of Medley's impairments that are supported in the record in any hypothetical question to the VE, and so that the Commissioner then has the opportunity to properly consider the VE's testimony in formulating his final decision.